IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALVIN S. FLOWERS,

    Petitioner,                     No. CIV S-07-2801 JAM JFM P

    vs.

MICHAEL EVANS, Warden,

    Respondent.                  FINDINGS AND RECOMMENDATIONS

/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court on respondent's motion to dismiss this action as barred by the one year statute of limitations. See 28 U.S.C. § 2244(d).[1] Petitioner failed to file an opposition to respondent's motion to dismiss.

        Section 2244(d)(1) of Title 28 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

---

[1] Petitioner has also filed a motion for appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time. Accordingly, petitioner's motion for appointment of counsel will be denied.

1

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. Petitioner was convicted of gross vehicle manslaughter while intoxicated, driving under the influence of alcohol and causing great bodily injury, driving with a blood-alcohol level of .08 percent or more and causing bodily injury, and causing death or bodily injury to more than one victim.  Petitioner admitted having three prior serious felony convictions and having served three prior prison terms.  He was sentenced to an indeterminate term of 30 years to life, plus a five-year determinate term, in state prison.

2. Petitioner appealed his conviction and on July 23, 2004, the California Court of Appeal, Third Appellate District, affirmed his conviction.  (Lodged Document No. 2.)[2] Petitioner did not seek review in the California Supreme Court.

---

[2] All documents identified as Lodged Documents were filed by respondents in this action on March 7, 2008.

1    3. On May 22, 2006, petitioner filed a petition for writ of habeas corpus in the
2  California Court of Appeal, Third Appellate District.[3] (Lodged Document No. 3.) That petition
3  was denied by order filed June 8, 2006. (Lodged Document No. 4.)
4    3. On June 28, 2006,[4] petitioner filed a second petition for writ of habeas corpus
5  in the Placer County Superior Court. (Lodged Document No. 5.) That petition was denied by
6  order filed July 3, 2006. (Lodged Document No. 6.)
7    4. On January 10, 2007,[5] petitioner filed a third petition for writ of habeas corpus
8  in the California Court of Appeal, Third Appellate District. (Lodged Document No. 7.) On
9  January 25, 2007, the petition was denied. (Lodged Document No. 8.)
10    5. On March 22, 2007,[6] petitioner filed a fourth petition for writ of habeas corpus
11  in the California Supreme Court. (Lodged Document No. 9.) On September 19, 2007, the
12  petition was denied. (Lodged Document No. 10.)
13    6. On November 17, 2007, petitioner filed the instant federal habeas corpus
14  petition.[7]
15    Because petitioner did not seek review in the California Supreme Court, his
16  conviction became final on September 1, 2004, when the forty day period for filing for direct
17  review expired. Cal Rules of Court, Rule 8.500(e)(1); Smith v. Duncan, 297 F.3d 809, 813 (9th

---

[3] The petition contains a certificate of service dated May 22, 2006, which is the date on which petitioner, proceeding pro se, delivered the state superior court habeas petition to prison officials for mailing. See Lodged Document No. 3. Under the mailbox rule, that date is considered the filing date of the petition. See Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

[4] This petition was signed on June 28, 2006 but does not contain a certificate of service. The filing date may also be the date the petition is signed. Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003). Thus, June 28, 2006 is deemed the filing date for said petition.

[5] January 10, 2007 is deemed the filing date of this petition. See footnote 3, supra.

[6] March 22, 2007 is deemed the filing date of the fourth petition. See footnote 3, supra.

[7] November 17, 2007 is deemed the filing date of petitioner's federal habeas corpus petition pursuant to the mailbox rule. See footnote 6, supra.

1 Cir. 1002).  The federal limitation period started to run the next day, September 2, 2004.  See
2 Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  The last day petitioner had to file a
3 federal petition was on September 1, 2005,  plus any time allowed for tolling.  Patterson, 251
4 F.3d at 1243, 1246.

5 　　　As a general rule, the limitation period is tolled "while a California petitioner
6 'complete[s] a full round of [state] collateral review.'"  Delhomme v. Ramirez, 340 F.3d 817,
7 819 (9th Cir. 2003)(quoting Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003)).  Here,
8 however, petitioner did not commence the state exhaustion process until he filed his first petition
9 for writ of habeas corpus on May 22, 2006, over eight months after the statute of limitations
10 period had run on September 1, 2005.  State habeas petitions filed after the one-year statute of
11 limitations has expired do not revive the statute of limitations and have no tolling effect.  See
12 Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v. Rice, 276 F.3d 478, 482
13 (9th Cir.2001); Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000).  Because petitioner failed to
14 file any post-conviction challenges within the statute of limitations period, the limitations period
15 expired on September 1, 2005.  Petitioner's filing in federal court, on November 17, 2007, cannot
16 revive a statute of limitations period.

17 　　　Petitioner has made no showing that would entitle him to equitable tolling of the
18 limitation period.  Cf. Harris v. Carter, 515 F.3d 1051 (9th Cir. 2008) (equitable tolling of the
19 limitation period "typically granted when litigants are unable to file timely petitions as a result of
20 external circumstances beyond their direct control.")

21 　　　For all of the foregoing reasons, this action is barred by the statute of limitations.
22 Accordingly, respondents' motion to dismiss should be granted.

23 　　　IT IS HEREBY RECOMMENDED that:
24 　　　1.  Respondents' March 7, 2008 motion to dismiss be granted; and
25 　　　2.  This action be dismissed as barred by the statute of limitations.
26 /////

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3  days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
6  failure to file objections within the specified time may waive the right to appeal the District
7  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
8  DATED:  May 28, 2008.

UNITED STATES MAGISTRATE JUDGE

/001;flow2801.mtd